UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
KARL AMMANN,                       )   No. C07-1402RSL
                                   )
                    Plaintiff,     )
       v.                          )   ORDER DENYING MOTION TO RECUSE
                                   )   AND REFERRING MATTER TO THE
STEVE THOMPSON, *et al.*,          )   HONORABLE MARSHA J. PECHMAN
                                   )   FOR REVIEW
                    Defendants.    )
_____)

On October 4, 2007, plaintiff Karl Ammann filed a letter requesting that the undersigned recuse himself from this proceeding because of "his long time [sic] personal and professional relationship with Steve Thompson, one of the defendants, dating back to when the former was a King County prosecutor and the latter was King County jail director." Dkt. # 3.

Section 455 of title 28 of the United States Code governs the disqualification of a district judge. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

ORDER

A judge must recuse himself if a reasonable person would believe that he is unable to be impartial. <u>Yagman v. Republic Insurance</u>, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry regarding whether there is an appearance of bias, not whether there is bias in fact. <u>Preston v. United States</u>, 923 F.2d 731, 734 (9th Cir. 1992); <u>United States v. Conforte</u>, 624 F.2d 869, 881 (9th Cir. 1980); <u>See</u> also <u>In Liteky v. United States</u>, 510 U.S. 540 (1994) (explaining the narrow bases for recusal).

The Court is aware of no bias against plaintiff or in favor of defendants. Although the undersigned knows defendant Thompson, the relationship is purely professional and does not give rise to a conflict of interest or cause prejudice. The mere fact that undersigned is professionally familiar with certain individuals does not give rise to a reasonable question regarding his impartiality in this case.

For all of the foregoing reasons, plaintiff's motion to recuse is DENIED. This matter is hereby referred to the Honorable Marsh J. Pechman for review pursuant to Local General Rule 8(c).

DATED this 10th day of October, 2007.

*[signature]*
Robert S. Lasnik
Chief Judge, United States District Court

ORDER                                       -2-