UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KARL LOUIS AMMANN,

    Plaintiff,

v.

STEVE THOMPSON, *et al.*,

    Defendants.

CASE NO. C07-1402-RSL-JPD

REPORT AND RECOMMENDATION

On September 10, 2007, plaintiff Karl Louis Ammann presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff alleged in his complaint that defendants had violated his rights under the Eighth Amendment. He also alleged that defendants had violated the Americans with Disabilities Act, the Uniform Commercial Code, and regulations of the Food and Drug Administration. Plaintiff identified in his complaint, and in his memorandum in support of his complaint, a total of thirty defendants.

On November 13, 2007, plaintiff's application for leave to proceed *in forma pauperis* was granted and his complaint was filed. (*See* Dkt. Nos. 6 and 7.) On the same date, this Court issued an order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. No. 8.) Plaintiff was advised therein of a number of specific deficiencies that would have to be

REPORT AND RECOMMENDATION
PAGE - 1

corrected before service would be ordered. (Dkt. No. 8 at 2-4.) Plaintiff was granted thirty days within which to submit an amended complaint curing the specified deficiencies, and was advised that his failure to timely submit an amended complaint would result in a recommendation that this action be dismissed. (*Id.* at 4.)

Plaintiff failed to timely file an amended complaint and, on March 6, 2008, the Honorable Robert S. Lasnik, Chief United States District Judge, issued an order dismissing this action. (Dkt. No. 9.) Plaintiff thereafter submitted a series of letters in which he indicated that he had been deprived of his legal papers, that he had been on suicide/medical watch, and that he was unaware that the undersigned had ordered him to file an amended complaint. On March 20, 2008, Chief Judge Lasnik issued an order vacating the order of dismissal and granting plaintiff leave to file an amended complaint curing the previously identified deficiencies within thirty days. (Dkt. No. 14.)

On April 16, 2008, plaintiff submitted a letter to the Court which contained a series of requests related to the preparation of his amended complaint, including a request for an extension of time. (Dkt. No. 15.) On April 24, 2008, this Court issued an order granting plaintiff additional time to file his amended complaint, though not as much time as plaintiff had requested. (Dkt. No. 16.) Plaintiff was directed to file his amended complaint not later than May 30, 2008, and was advised that no further extensions of time would be granted. (*Id.*) This Court also denied the series of additional requests made by plaintiff in his letter. (*Id.*)

On May 16, 2008, plaintiff filed a notice of appeal of this Court's April 24, 2008, order. (Dkt. No. 17.) And, on May 28, 2008, plaintiff filed his amended complaint. (Dkt. No. 20.) Because of the pending appeal, this Court took no action on plaintiff's amended complaint and, instead, issued an order staying this action pending resolution of plaintiff's appeal. (Dkt. No. 22.) Plaintiff's appeal has now been dismissed. (*See* Dkt. No. 23.) It is therefore appropriate to

REPORT AND RECOMMENDATION
PAGE - 2

lift the stay and review the sufficiency of plaintiff's amended complaint.

A review of plaintiff's amended complaint reveals that it does not cure any of the deficiencies previously identified by the Court. In fact, plaintiff's amended complaint does not set forth any claims against any of the named defendants. Instead, the amended complaint merely expresses plaintiff's dissatisfaction with the prior rulings of this Court. As plaintiff's amended complaint does not allege any cause of action against any of the named defendants, he has not adequately stated a claim for relief under § 1983.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff's original complaint failed did not allege any viable cause of action, and because plaintiff's amended complaint does not assert any claims against the named defendants, this Court recommends that plaintiff's complaint, and this action, be dismissed without prejudice pursuant to
§ 1915(e)(2)(B). A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of September, 2008.

*James P. Donohue*
———————————————
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3